EGAN, P. J.
*451 In this juvenile delinquency case, youth appeals a judgment finding her within the jurisdiction of the juvenile court for acts which, if committed by an adult, would constitute unauthorized use of a vehicle, ORS 164.135. On appeal, youth challenges the juvenile court's denial of her motion to suppress statements that she made to her juvenile probation officer.
Youth contends on appeal, as she did before the trial court, that the statements at issue were the product of a custodial interrogation that was conducted without youth having been properly given a Miranda warning. She further asserts that any error in denying her motion to suppress was not harmless because, without her statements to the probation officer, the evidence was insufficient to support the adjudication.[1] See State v. Walton , 311 Or. 223, 229-31, 809 P.2d 81 (1991) (assessing harmlessness of trial court's failure to suppress statements obtained without required Miranda warnings).
Before the juvenile court, the state argued-and the juvenile court agreed-that the statements should not be suppressed because they were unresponsive to the probation officer's question. The state has, properly, abandoned that argument on appeal, essentially conceding that that was an incorrect ground on which to deny youth's motion to suppress. We agree; youth's statements *395 were responsive to the probation officer's questioning. The state also appears to acknowledge that any error in denying the suppression motion was not harmless.[2] Again, we agree. *452 The state's sole contention on appeal is that we should affirm the juvenile court's ruling on an alternate basis. See Outdoor Media Dimensions Inc. v. State of Oregon , 331 Or. 634, 20 P.3d 180 (2001). Specifically, the state argues that we should affirm because "youth was informed of her Miranda rights by a police officer, mere hours before making the challenged statements to her juvenile probation officer, and a reasonable person in youth's position would not have understood her rights to have changed in the mean-time." Youth responds that we should not affirm the juvenile court's ruling on that alternative basis, asserting, in part, that had that issue been raised below, she could have developed different arguments and submitted different evidence. We agree with youth that this is not an appropriate case in which to affirm on an alternative basis.
We may affirm a trial court on a "right for the wrong reason" basis when certain conditions are met:
"The first condition is that, if the question presented is not purely one of law, then the evidentiary record must be sufficient to support the proffered alternative basis for affirmance. That requires: (1) that the facts of record be sufficient to support the alternative basis for affirmance; (2) that the trial court's ruling be consistent with the view of the evidence under the alternative basis for affirmance; and (3) that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below. In other words, even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a different record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance. The second condition is that the decision of the lower court must be correct for a reason other than that upon which the lower court relied. Third, and finally, the reasons for the lower court's decision must be either (a) erroneous or (b) in the reviewing court's estimation, unnecessary in light of the alternative basis for affirmance."
*453 Id. at 659-60, 20 P.3d 180 (emphasis in original). Furthermore, "our consideration of an alternative basis for affirmance is a matter of prudential discretion and not compulsion." Biggerstaff v. Board of County Commissioners , 240 Or.App. 46, 56, 245 P.3d 688 (2010).
We agree with youth that, in this case, had the state raised below the issue it now seeks to have us consider as an alternative basis for affirmance, youth could have created a different record below that could have affected the disposition of that issue.[3] Accordingly, we decline to consider the state's proffered alternative basis for affirmance.
Reversed and remanded.

We observe that, in her second assignment of error, youth states that the trial court erred when it found that the state presented sufficient evidence to prove, beyond a reasonable doubt, that she had committed the alleged acts. However, her argument on that issue relates solely to harmlessness. That is, youth does not contend that, if the suppression motion was properly denied, the evidence was, nonetheless, insufficient to support the adjudication. Instead, she argues only that her statement was the only direct evidence of the required mens rea and, therefore, the erroneous admission of that statement was not harmless. Accordingly, we do not separately address youth's second assignment of error except to the extent that we discuss the issue of harmlessness.

According to the state,
"[i]f this court determines that the trial court erred by denying youth's motion to suppress, and that it is not appropriate to affirm on [an] alternative basis * * *, then the state does not argue that the error was harmless under either the state or federal standard."

As youth points out, had the state raised the issue before the juvenile court,
"youth could have presented evidence about any intervening events that may have occurred in the hours between [the earlier] advice and youth's conversation with [the juvenile probation officer], youth's relationship with [the probation officer], youth's maturity, youth's experience with law enforcement and the juvenile justice system, and any other conversations youth may have had with juvenile personnel that affected her understanding of her rights while 'in holding.' "